IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENID WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1290 C |
| | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

AMENDED JOINT PRELIMINARY STATUS REPORT

Pursuant to the Court's opinion and order filed on July 11, 2006, and Appendix A of the Rules of the United States Court Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following amended joint preliminary status report:

a. Jurisdiction

Plaintiff states that this Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491 and 29 U.S.C. § 206(d) et seq. The Court has ruled that it does not possess jurisdiction over plaintiff's claims prior to April 19, 1998, because those claims are outside of the applicable statute of limitations set forth in 29 U.S.C. § 255(a). Defendant states that this Court may lack jurisdiction over plaintiff's claims from April 19, 1998, until April 21, 1998, pursuant to 28 U.S.C. § 1500. See De Leon v. United States, 69 Fed. Cl. 336, 339 (2005). Defendant is not aware of any other basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

Plaintiff states that trial of liability and damages should not be bifurcated. Defendant states that trial of liability and damages should be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties do not believe that additional parties will need to be joined.

g. Dispositive Motions

Defendant may move for partial dismissal pursuant to RCFC 12 and summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether defendant paid plaintiff, in violation of the Equal Pay Act, 29 U.S.C. § 206(d), "at a rate less than the rate at which [it] pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

2. Whether, if defendant violated the Equal Pay Act, any violation of the Equal Pay Act was willful.

3. Whether, if defendant violated the Equal Pay Act, any violation of the Equal Pay Act was in good faith.

4. Whether plaintiff is entitled to actual damages, liquidated damages, and/or attorney fees and expenses, and if so, in what amount(s).

i. <u>Settlement</u>

The parties agree that settlement is unlikely at this time.

j. <u>Trial</u>

As stated above, defendant may move for partial dismissal pursuant to RCFC 12 and for summary judgment pursuant to RCFC 56. If dispositive motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that trial would take place in Washington, D.C.

k. <u>Electronic Case Management</u>

The parties have no special issues regarding electronic case management needs. This case has been designated for electronic filing.

l. <u>Additional Information</u>

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | 30 Days After Entry of Scheduling Order |
| Close of Fact Discovery: | 180 Days After Entry of Scheduling Order |
| Disclosure of Expert Witnesses: | 210 Days After Entry of Scheduling Order |

Respectfully submitted,

s/ Michael P. Deeds
MICHAEL P. DEEDS
DCB# 466815
Kestell & Associates
1012–14th Street, NW, Ste 630
Washington, DC 20005
Tel: (202) 347-4481
Fax: (202) 347-4482
mikedeeds@juno.com

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0292
Fax: (202) 514-8624

Attorneys for Defendant

August 10, 2006

CERTIFICATE OF FILING

I hereby certify that on this 10th day of August, 2006, a copy of the foregoing "AMENDED JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease